```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

RONALD W. WILLIAMS,             :
                                :
        Petitioner              : No. 4:CV-06-0111
                                :
    vs.                         : (Complaint Filed 1/17/06)
                                :
GERALD ROZUM,                   : (Judge Muir)
                                :
        Respondent              :
```

**ORDER**

June 30, 2006

Petitioner, Ronald W. Williams, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. (Doc. No. 1). For the reasons that follow, the petition will be dismissed as untimely.

**Background**

On January 10, 2001, Williams was found guilty of Murder of the First Degree. (Doc. No. 9, Ex. A). Williams thereafter filed a direct appeal to the Pennsylvania Superior Court, in which he raised the sole issue that the evidence was insufficient to support the verdict against him. (Doc. No. 9, Ex. B). On December 13, 2001, the Superior Court issued a

Memorandum Opinion affirming Petitioner's conviction and sentence. (Doc. No. 9, Ex. B); see Commonwealth vs. Williams, No. 319 MDA 2001, J.A37045/01(Pa. Super. December 13, 2001). Williams did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On January 9, 2003, Williams filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). (Doc. No. 9, Ex. C). The petition was denied and Williams filed an appeal to the Pennsylvania Superior Court. On June 23, 2004, the Superior Court affirmed the denial of PCRA relief. Commonwealth vs. Williams, No. 903 MDA 2003, J-S02029-04 (Pa. Super. June 23, 2004)(unpublished memorandum opinion). Williams' petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on March 14, 2005. (Doc. No. 9, Ex. D); see Commonwealth vs. Williams, No. 676 MAL 2004 (Pa. March 14, 2005)(per curiam).

On January 17, 2006, Williams filed the instant petition for writ of habeas corpus in which he raises various challenges to his conviction and sentence. (Doc. No. 1, petition). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d

2

Cir. 2000), the Court issued formal notice to Williams that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. No. 3). On February 1, 2006, Williams returned the notice of election form, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. No. 4). Thus, a Show Cause Order was issued on February 23, 2006. (Doc. No. 5). By Order dated March 14, 2006, the District Attorney of Dauphin County was permitted to file a partial answer to the habeas petition, solely addressing the implications of the applicable statute of limitations. (Doc. Nos. 9, 10). On March 23, 2006, Williams filed a traverse. (Doc. No. 11).

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

3

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see generally</u>, Jones vs. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. <u>See</u> Harris vs. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); Fields vs. Johnson, 159 F.3d 914, 916 (5th Cir.

4

1998)(per curiam); Hoggro vs. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell vs. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz vs. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.

5

Swartz vs. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes vs. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

Williams' judgement of sentence was affirmed on December 13, 2001, and because he did not file a petition for review in the Pennsylvania Supreme Court, the judgement became final at the expiration of the thirty-day period to file the petition for review. See Pa.R.App.P. 1113(a). His judgment of sentence was final on January 12, 2002. Thus, the clock for filing a § 2254 petition began on January 12, 2002, and he had until January 12, 2003, to file a timely habeas corpus petition. Burns, 134 F.3d at 111. Pursuant to 28 U.S.C. § 2244(d)(2), when Williams filed his PCRA petition on January 9, 2003, the AEDPA's filing period was statutorily tolled with

6

approximately three (3) days of the one (1) year filing period remaining.  See Harris, 209 F.3d at 328.  The limitation period then commenced when Williams' petition for allowance of appeal to the Pennsylvania Supreme Court was denied on March 14, 2005.  At that point, Williams had approximately three days to file his federal petition.  The instant petition was not filed until January 17, 2006, some ten months after the limitations period expired.  The petition for habeas corpus relief under § 2254 appears to be barred by the statute of limitations.

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations

7

omitted).  In his petition, Williams claims that trial counsel was ineffective for failing to present a duress defense (including requesting a proper jury instruction on duress) and for failing to seek suppression of a statement that Williams made to police, and that the evidence was insufficient to support the jury's verdict. (Doc. No. 1).  The factual basis for all of these claims would have been available to Williams as of the time of trial, and at the time he filed his first PCRA petition, and there is no reason that Williams could not have presented these claims in a timely fashion.  The Court finds that there is absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus, and that equitable tolling is inapplicable in this matter.  The petition will be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a Certificate of Appealability.  <u>See</u> 28 U.S.C. § 2253(c).

                                        s/Malcolm Muir
                                        MUIR
                                        United States District Judge